Cr #17-240

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

RECEIVED APR 10 2023 AT 8:30 _____ M CLERK, U.S. DISTRICT COURT - DNJ

| | |
|---|---|
| In re: Search Warrants Executed on Nicholas Kyle Martino, et. al. | Cause No: TBA by Clerk<br>Related Actions:<br>22-MJ-17053, 22-MJ-17054 |
| Nicholas Kyle Martino<br>v.<br>United States | 22-MJ-17055, 22-MJ-17056<br>22-MJ-17057, 22-MJ-17058 |

## MOTION FOR REPLEVIN PURSUANT TO F.R.CR.P. 41(g) AND EQUITABLE JURISDICTION

WHEREFORE, on this 2nd day of April 2023, Movant, Nicholas Kyle Martino, in pro per, hereby MOVES this Honorable Court to exercise its equitable and inherent jurisdiction to Order the United States to return and allow copying of property it seized from Movant in the above-encaptioned Related Actions. This Court has jurisdiction pursuant to common-law and 28 U.S.C. § 1331. The following facts are averred in support thereof:

1. Sometime in approximately 2021 or 2022, the Philadelphia, PA FBI Field Office opened Case ID 89E-PH-3402386, hereinafter "investigation."

2. The investigation's principal subject

1

is Nicholas Kyle Martino, hereinafter "Movant" or "Martino."

3. On August 25, 2022, USMJ Sharon A. King, sitting in this District, issued multiple search warrants.

4. Search Warrant 22-MJ-17053 was for a dwelling that Movant resided at.

5. Search Warrant 22-MJ-17054 was for a dwelling that Movant resided at.

6. Search Warrants 22-MJ-17055, -17056, and -17057 were for vehicles owned by Movant.

7. Search Warrant 22-MJ-17058 was for Movant's person.

8. The above-mentioned warrants were executed on August 29, 2022 at approximately 9:00am.

9. A massive amount of property was seized, and receipts were returned to the Court.

10. Eight months has passed, no target letter, information, complaint, or indictment has issued against

2

Movant, and he is aggrieved by the loss of the property.

11. This Motion follows.

WHEREFORE, Movant PRAYS for the following relief: (i) return of all property seized outside the scope of the warrants, (ii) return of all property now deemed to be of no evidentiary value, (iii) the ability to copy, at Movant's expense, any data the Government does not return because it has a continuing interest in retention, and (iv.) any and all relief Movant is entitled to, including Orders instructing the Government to reply or comply with the above requested relief.

Respectfully Submitted,

Nicholas Martino,
in pro per

3

IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Search Warrants Executed on Nicholas Kyle Martino, et. al. | Cause No: TBA by Clerk Related Actions: 22-MJ-17053, 22-MJ-17054 |
| Nicholas Kyle Martino v. United States | 22-MJ-17055, 22-MJ-17056 22-MJ-17057, 22-MJ-17058 |

MEMORANDUM OF LAW IN SUPPORT OF
MOVANT'S MOTION FOR REPLEVIN

I. Introduction

Paragraphs 1 through 11 of the Motion are incorporated by reference.

This Motion has been filed in pro per and must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). See also Erickson v. Pardus, 551 U.S. 89, 94, 127 (2007) ("A document filed pro se must be liberally construed." (internal quotations omitted)) and Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings ... must be liberally construed.")

On August 25, 2022, a Magistrate sitting in this District approved six search warrants for two residences, three vehicles, and the

1

person of Nicholas Kyle Martino. Those warrants were executed on August 29, 2022, and a massive amount of property was seized. See 22-MJ-17053 through -17058. To date, Movant has not received a target letter or any charges connected to the searches, and he is aggrieved by the loss of physical property as well as access to data contained on seized electronic devices. This Motion follows.

II. Jurisdiction

Because no charges have issued, this Motion must be treated as a civil action in equity, and this Court enjoys such jurisdiction pursuant to common-law and 28 U.S.C. § 1331. See US v. Mid-States Exch., 620 F. Supp. 358 (D. Sd. 1985); Bennett v. US, 2013 U.S. Dist. LEXIS 102771 (S.D.Fl. 2013); and Marshall v. Central Mine Equip., 608 F.2d 719, 721 (8th Cir. 1979).

III. Argument

It is not disputed that Movant was the subject in all of the searches. One of the warrants was for his person, three were for his vehicles, and two were for dwellings he sometimes resided in. Property was seized for five of the six warrants. At both residences, in addition to Movant, other individuals resided and some of the property seized was owned

2

by them. Movant is entitled to demand the return and copying of all property seized, no matter ownership status. See US v. Birrell, 242 F. Supp. 191, (S.D.N.Y. 1965) (In the context of former Rule 41(e), actual or constructive possession of property, even if not owned, is aggrieving to the subject of searches). See also US v. Wilcox, 357 F. Supp. 514 (E.D.P.A. 1973) (Although defendant's actual residence was elsewhere, he was the aggrieved person of searches conducted at his wife's house because those searches were directed at him, he had access to the property and regularly visited, and had a possessory interest in property seized there.)

At this juncture, the Government has appeared to have stored some of the seized property in the Philadelphia FBI Field Office, but some of the electronic devices seized are in the Philadelphia RCFL and the Quantico, VA CEAU. The Government has retained all of the property since August, not even returning property clearly seized outside the scopes of the warrants.

Property was seized outside the scope of the warrants. See the Receipt for Property in docket 22-MJ-17053 ("papers," "notes," "two notes," "a note," multiple keys, "vehicle lightbar, [vehicle cages], radio test set, labels,") etc. were all seized outside the scope of the warrant and in violation of the Fourth Amendment. For example, SA Robert Lythgoe

3

said he seized the "vehicle lightbar" and "cages" because he did not want Movant to attach them to his vehicle (a Ford Crown Victoria). Not only is this not a concern for an FBI agent and is not a crime, no such devices or property has any nexus to the scope of the warrant.

See also the Receipt for Property in 22-MJ-17054 ("cooling station [for laptop]," "batteries," "credit cards [of Nicholas Martino], and "mail in the name of Nicholas Martino.") None of this property lies even remotely within the scope of the warrant, and the mail seized was privileged materials.

See also the Receipt for Property in 22-MJ-17055 ("Sabre pepper spray," and "Garmin GPS.") Again, this property was not within the scope of the warrant.

Movant contends that all property seized outside the scope of the warrants must be returned.

Additionally, because of the eight-month lapse in time since the searches, Movant is seeking a return of all seized property, or, in the alternative, the return of all property the Government has deemed contains no evidentiary value and the opportunity to copy some of the seized devices. See In re Madison, 687 F. Supp. 2d. 103 (E.D.N.Y. 2009)(The burden of proof is on movant to show that he is entitled to property until the Government no longer needs it for evidentiary

4

purposes, then the Government must show it has reason to continue retention; even if there is an ongoing interest for retention, the Government may not hold the property for an unreasonable period of time without taking action, and should make reasonable efforts to enable the use of the property, such as copying.) See also Peeples v. US, 2017 U.S. Dist. LEXIS 183667 (N.D.N.Y. 2017).

The Government has had eight months to copy and analyze the data on the seized devices, and nothing has resulted. Much of the data is privileged legal materials, gaming data, benign communications, tax forms, and digital media. Much of the data is not even owned by Movant, and the Government should now reasonably know that nothing it seized resulted in anything of much evidentiary value. The Government must return property of no evidentiary value. To the extent that some of the electronic data has potential evidentiary value, the Government has not used that property to establish probable cause for any charges and must enable the use of the data, perhaps through copying, in lieu of completely returning it, especially in light of the major passage in time. The Government cannot retain the property forever and take no action with it.

Because no charges connected to the property have arisen in the last eight months nor do

any charges appear forthcoming, there is a presumption in favor of Movant's contention that most, if not all, of the property holds no evidentiary value and must be returned. The Government now has the burden of rebutting that presumption, but even if it does, it must still take steps to enable Movant's use of the property. Because most of the property seized is electronic data, simple copies of the data can easily enable Movant's use of the data while the Government maintains control over the devices and original data.

## IV. Conclusion

Movant has shown that the Government acted with callous disregard for his Fourth Amendment rights when it seized property outside the scope of the warrants. Such property must be returned. Because of the passage of time and lack of any criminal charges, there is a presumption in favor of Movant that all of the seized property has no evidentiary value and must be returned. Even if the Government successfully rebuts this presumption, it cannot retain the property forever and must take steps to enable Movant's use of the property it continues to retain. Movant is aggrieved by the loss of the property as much of it is irreplaceable family media, legal work (for active cases), much of the property is expensive and a burden to replace, and most (if not all) of the property holds zero evidentiary value.

6

For these reasons and lack of any other available legal remedy, this Court must exercise its equitable jurisdiction to Order the United States to take the requested action with the seized property.

Respectfully Submitted,

Nicholas Martino,

in pro per

7

**RECEIVED**
APR 10 2023
AT 8:30 ___ M
CLERK, U.S. DISTRICT COURT - DNJ

April 2, 2023

Dear Clerk,

Both the enclosed Petition and Motion relate to the following dockets: 22-MJ-17053-SAK through 22-MJ-17058-SAK.

The Petition is a Petition to Unseal search warrant materials, and the Motion is a Motion for Replevin for return of property seized, and both relate to the above six dockets. Because there are multiple dockets involved, it may be best to file these new documents at a docket number on the Court's Miscellaneous Docket. Please note that I do not believe a Magistrate has jurisdiction to hear the Motion for Replevin. To the extent required to file either the Petition or Motion, a completed IFP form has been included. My current mailing address:

Nicholas Kyle Martino #70570-050
SPECIAL/LEGAL MAIL
FDC Philadelphia
PO BOX 562
Philadelphia, PA 19105

Please send me a copy of the docket(s) created/updated for this matter. Thank you.

Regards,

Nicholas Martino,
in pro per

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Search Warrants Executed on Nicholas Kyle Martino, et. al. | Cause No: TBA by Clerk<br>Related Actions:<br>22-MJ-17053, 22-MJ-17054,<br>22-MJ-17055, 22-MJ-17056,<br>22-MJ-17057, 22-MJ-17058 |
| Nicholas Kyle Martino<br>v.<br>United States | |

## CERTIFICATE OF SERVICE

WHEREFORE, on this 2nd day of April 2023, Movant, Nicholas Kyle Martino, in pro per, hereby CERTIFIES that he caused a true original copy of his Motion for Replevin and Memorandum of Law In Support Of to be served upon the Court on April 2, 2023.

Executed pursuant to 28 U.S.C. § 1746.

Submitted,

_/s/ Nicholas Martino_

in pro per

MARTINO, N #70570-050
FDC PHILADELPHIA
PO BOX 562
Philadelphia, PA 19105



CLERK OF COURTS
US DISTRICT COURT
PO BOX 2797
Camden, NJ 08101

**RECEIVED**
APR 10 2023
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

X-PAYED

LEGAL MAIL