

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

PHILIP R. SELLINGER
*United States Attorney*

ANDREW B. JOHNS
*Assistant United States Attorney*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   (856) 757-5026
401 Market Street, 4th Floor                           Fax: (856) 968-4917
Post Office Box 2098                          Direct Dial: (856) 757-5137
Camden NJ  08101

October 30, 2023

**Via CM/ECF**

The Honorable Noel L. Hillman
Senior United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re: *Martino v. United States*, Civil No. 23-16859 (NLH)

Dear Judge Hillman:

      Please accept this letter as the Government's response to plaintiff Nicholas Martino's briefs on Additional Questions of Law (ECF 7) and the Psychotherapist-Patient Privilege (ECF 12). During the October 16, 2023 hearing on Martino's motions for replevin and an injunction preventing further review of materials seized pursuant to a search warrant, the Court invited Martino to supplement his arguments on the "work product privilege" and other relevant issues by October 23, 2023. The Court also invited the Government to respond to Martino's submission no later than October 30, 2023.[1] This letter follows.

### The Motion for an Injunction Based on Privilege Should be Denied

      Martino continues to assert that the Government should be enjoined from further review of the materials seized pursuant to lawfully issued search warrants because the materials are privileged. Martino's arguments rest on his assertion of the attorney-client privilege, the work product doctrine, and the psychotherapist-patient privilege. None of Martino's claims have any merit, and his motion for an injunction should be denied.

      Martino's supplemental brief falls well short of showing an injunction is appropriate in this case. A party asserting a privilege bears the burden of showing

---

[1] The minute entry on the docket only reflects Martino's October 23, 2023 deadline to submit a supplemental brief and erroneously indicates that deadline applied to both parties. ECF 9. The undersigned's recollection of the colloquy with the Court is that the Government was granted an additional week to respond to Martino's anticipated filing.

the privilege applies. *In re Grand Jury Proceeding (Gregory P. Violette)*, 183 F.3d 71, 73 (1st Cir. 1999). He has not proffered a *prima facie* case that the Government improperly seized privileged attorney-client communications or protected work-product. *See* Government's Brief in Opposition to Petition for an Injunction (ECF 10) at 2; Fed. R. Evid. 502(g)(2) (work-product is "tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial"). Martino's failure to meet this burden as to any of his arguments is fatal to his motion.

As was the case at the October 16 hearing, Martino's supplemental papers continue to conflate the attorney-client privilege and the attorney work-product doctrine. In fact, Martino relies heavily on caselaw and rules from civil proceedings in support of his motion to enjoin a yet uncharged criminal investigation. For example, Martino's opening citation in support of his motion is to the civil court rule that protects work product from discovery, Fed. R. Civ. P. 26. Martino's next citation in support of his motion, which he incorrectly categorizes as the Justice Department's public "National Criminal Justice write-up," ECF 7 at 3, is in fact an abstract of a 1978 article from a commercial publisher maintained in the National Criminal Justice Reference Service's online archive. Notwithstanding Martino's questionable characterization of this abstract, the abstract itself makes it clear that the article discusses an attorney's ability to resist a grand jury subpoena seeking testimony on "legal opinions, theories, conclusions, and mental impressions of [the] attorney." Such is clearly not the case here.

Martino then spends the next seven pages of his brief citing mostly unpublished cases that discuss the work-product doctrine in the context of civil discovery disputes. He does not cite a single case where a court ruled a filter team was necessary to screen for protected work-product when the materials at issue were seized from a non-lawyer in connection with a criminal investigation that has not yet been charged. This is unsurprising, as the Government is aware of no such precedent. Simply put, Martino has wholly failed to show that he is entitled to an injunction based on the attorney-client privilege or the work product doctrine.

This Court should also decline to grant an injunction based on Martino's new assertion of the psychotherapist-patient privilege. ECF 12. Martino has not carried his burden of production and has failed to proffer any credible evidence that the cellphone contains privileged psychotherapist-patient communications. Furthermore, the psychotherapist-patient privilege is testimonial and only applies in court proceedings, not the Government's review of evidence seized pursuant to a lawfully issued search warrant. Because Martino has not met his burden of production and he is prematurely asserting this privilege, his motion should be denied.

Privileges in federal court are governed by our common law. Fed. R. Evid. 501; *see also In re Grand Jury Investigation*, 918 F.2d 374, 378-379 (3d Cir. 1990). The psychotherapist-patient privilege was first recognized by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996). In doing so, the Supreme Court held "that

confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee*, 518 U.S. at 15. This formulation makes clear that the privilege is designed to prevent compelled testimony concerning the therapist-patient relationship. For a particular communication to be privileged, the party asserting the psychotherapist-patient privilege must show that the allegedly privileged communications were made (1) confidentially (2) between a licensed psychotherapist and her patient (3) in the course of diagnosis or treatment. *See Jaffee,* 518 U.S. at 15. The privilege may be waived if the therapy is court ordered. *See United States v. Lara*, 850 F.3d 686 (4th Cir. 2017).

Unlike the constitutional privilege against self-incrimination, the psychotherapist-patient privilege is testimonial. *See United States v. Wilson*, 505 F.Supp.3d 3, 12 (1st Cir. 2020) (analogous spousal privilege and marital communications privilege are testimonial and only applicable in court proceedings). Thus, even if psychotherapist-patient privileged communications exist on Martino's cellphone, which the Government does not concede, the Government will not have misused them unless they are introduced in a court proceeding. *See id*. Moreover, testimonial privileges, by definition, do not apply to the review of evidence gathered pursuant to a search warrant. Therefore, the Government is not required to employ a filter review for psychotherapist-patient privileged materials. This stands in contrast to use of filter teams when the attorney-client privilege is at issue. In those circumstances, a lawyer and those whose conduct the lawyer is responsible for have an independent obligation under the rules of professional conduct to exercise reasonable diligence to not intrude on a represented party's confidential communications with their attorney. *See* N.J.R.P.C. 4.2. and 5.1. Therefore, a filter team is unnecessary in Martino's case.

For all the reasons discussed above, Martino's motion for an injunction to prevent further review of the seized material should be denied.

### The Government Takes No Position on Whether the Special Conditions of Martino's Supervised Release Convert Certain of Property to Contraband

During the October 16 hearing, the Court raised the possibility that any item possessed by Martino in violation of the special conditions of his supervised release might be considered contraband, and thus not returnable to Martino. Martino addresses this issue in his first supplemental brief. ECF 7 at 10-14. The Government takes no position on this argument, except to note that the Government has already returned several items to Martino, *see* ECF 10 at Exhibit A, the possession of which would constitute a violation of the terms of his supervised release if he were still under the Court's supervision.

### Martino's Motion for Replevin Should be Denied

Martino's first supplemental brief continues to press his claim that he is entitled to replevin. ECF 7 at 14-16. However, Martino did not offer any case law or other authority that rebuts the Government's position that it is entitled to continue to review the seized materials for a reasonable amount of time to search for evidence of criminal conduct.

It is apparent that from Martino's various pleadings that he believes that he can control the Government's criminal investigation. His offer to unencrypt electronic devices, but only if a filter protocol is used, is unacceptable to the Government. First, with the exception of communications with Dr. Gregory, which may or may not exist on one device, Martino has failed to proffer sufficient evidence to show that a filter protocol is necessary. His broad assertions of privilege are without substance or merit. When pressed by the Court at the October 16 hearing, Martino was not articulate which materials still held by the Government contained privileged attorney-client communications. Instead, Martino continued to assert his meritless claim that his own papers and materials were "privileged" work product, and thus protected from a lawfully issued search warrant.

Second, the Government is under no obligation to accept Martino's offer of assistance. Given Martino's history of deceit and threatening conduct, the Government's unwillingness to voluntarily engage with Martino is entirely reasonable. Simply put, the Government does not take anything Martino says at face value. Moreover, the Government's reticence to have extrajudicial contact with the subject of a grand jury investigation is entirely proper. The Government's insistence in dealing with Martino at arm's length is insufficient grounds for replevin.

Martino's motion for replevin should be denied.

### Conclusion

For the reasons stated herein, and in the Government's previous responses, Martino's motions for replevin and an injunction should both be denied.

Sincerely yours,

PHILIP R. SELLINGER
United States Attorney

By: *Andrew B. Johns*
ANDREW B. JOHNS
Assistant United States Attorney

cc: Nicholas Martino *(via email)*