```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NICHOLAS KYLE MARTINO | 23-cv-16859 (NLH) |
| Plaintiff | MEMORANDUM OPINION |
| v. | |
| UNITED STATES OF AMERICA | |
| Defendant | |

APPEARANCES:

Nicholas Kyle Martino
1201 Turnersville Road
Pine Hill, NJ 08021

    *Plaintiff pro se*

Andrew Johns
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

    *Counsel for the Defendant*

**HILLMAN, District Judge**

Now before the Court is Plaintiff's initial pleading styled as a "Petition For An Injunction Enjoining The Government From Reviewing Seized Materials in Related Cases Pending Establishment Of A Filter Protocol" ("Petition"). (ECF 1.) Plaintiff has filed several motions in support of his Petition:

Motion to take Judicial Notice (ECF 3); Motion for Replevin for Property Seized (ECF 4); Motion to Partially Seal Plaintiff's Surreply to the Government's Response (ECF 15); and a Motion for an In-Person Hearing (ECF 16).  For the reasons that follow, Plaintiff's Motion to take Judicial Notice will be denied as moot.  His other motions will be denied on the merits without further hearing.  See Federal Rule Of Civil Procedure 78.[1]  The Petition itself will be denied as meritless and the Clerk directed to mark the matter as closed.

Plaintiff is well known to this Court both as a civil litigant and a criminal defendant.  His out-of-court criminal behavior has run the gamut from making terroristic threats, stalking a cyber-girlfriend, and instances of "swatting," a false report to authorities of imminent harm to the occupant of a dwelling or other building when no such threat exists.  People are "swatted" in order to threaten them, intimidate them, or place them in the potential harm by instigating a fulsome, heavily armed, police response.  Plaintiff is highly competent

---

[1] In his Motion for an In-person Hearing, Plaintiff notes that the Court previously held a hearing in this matter on October 16, 2023, "in which multiple topics of interest were discussed." Both sides having been heard on the purely legal issues now before the Court, the Court will exercise its discretion to decide Plaintiff's motions on the basis of the hearing and the written materials submitted before and after the hearing. Fed.R.Civ.P. 78.  Accordingly, Plaintiff's Motion for an In-person Hearing (ECF 16) will be denied.

2

with computers and other communications devices, with spoofing, hacking and encryption skills. He uses these devices to commit significant crimes, to harm others, and to hide his involvement and the evidence against him.

On February 15, 2017, Plaintiff pled guilty in the United States District Court of the Western District of Texas to four counts of Interstate Threats to Injure a Person, in violation of 18 U.S.C. 875(c), after threatening a hospital, a university, and a U.S. Congressman through bomb threats and other threats of violence through the internet and by telephone. Plaintiff committed these crimes significant enough in themselves, as the aftermath of a mass shooting was unfolding. See United States v. Nicholas Kyle Martino, 17-cr-240 (NLH), ECF 2-2.[2] On April 12, 2017 Plaintiff was sentenced in that court to five years of probation on each of the four counts to run concurrently. (Id.)

Plaintiff's time on probation did not proceed uneventfully. On October 23, 2017, Plaintiff appeared before the Hon. Karen M. Williams, then a United States Magistrate Judge, on a six-count petition from U.S. Probation in this District alleging he had made terroristic threats, used a telephone with internet access without permission, and stalked and harassed an out-of-state girlfriend, among other allegations. (17-cr-240, ECF 5.) The

---

[2] Hereafter references to Plaintiff's criminal docket will be cited as follows: "17-cr-240, ECF _".

3

petition was later amended twice to add new charges of possession of a weapon, filing false reports with the police, and additional stalking allegations among other serious allegations. (17-cr-240, ECF 14 and 22.)

After a competency evaluation concluded that Plaintiff was competent to proceed, the Court accepted guilty pleas to Counts 12 and 3 of the Second Amended Petition on April 12, 2019. (17-cr-240, ECF 38.). At a subsequent sentencing hearing on November 26, 2019, this Court revoked the terms of Probation imposed in the Western District of Texas and sentenced Plaintiff to four terms of incarceration of 36 months each to run concurrently. This Court also imposed a term of supervised release of two years including special conditions restricting Plaintiff's use and possession of computers and other internet-enabled devices given Plaintiff's continued use of such devices for criminal purposes. (17-cr-240, ECF 65.) Plaintiff has served that term of incarceration.

After release, once again, Plaintiff did not fare well on supervision, particularly as it related to computers and related devices. On August 22, 2022, federal agents executed, pursuant to a valid warrant or warrants, a search of Plaintiff's home, another girlfriend's residence, his vehicle, and his person, seizing from him several laptops, a smartphone, and encrypted electronic storage devices, devices he was prohibited from

4

possessing under the terms of his supervised release. (17-cr-240, ECF 86.)  The full basis for the issuance of the warrant is not known to this Court but from a related docket appear to relate to a criminal investigation in another District.  See Nicholas Kyle Martino v. United States, 23-mc-00011 (ECF 18).  It is the Government's valid seizure of those devices that precipitated this piece of litigation.

On August 30, 2022, this Court endorsed a two-count petition for a warrant for an individual under supervision ("VOSR Petition") alleging that Plaintiff had violated the special conditions of the supervised release term imposed by the Court on November 26, 2019, including its ban on internet-connected devices, by possessing the seized devices. (17-cr-240, ECF 86.)  On March 21, 2023, Plaintiff entered a plea of guilty to both counts of the VOSR Petition and on April 17, 2023 this Court revoked Plaintiff's term of supervised release and sentenced him to a term of incarceration of 12 months and a day on the Petition with no further supervision. (ECF 119, 120.)

Plaintiff instituted this action approximately eight months later.  The Court now addresses each of the pending substantive motions.

A. Motion to Take Judicial Notice

Plaintiff's first motion is easily addressed.  When Plaintiff first filed his motion for replevin, (ECF 4), the

5

Clerk, after consultation with this Court, filed that motion under a miscellaneous docket number assigned to the Hon. Sharon A. King, the Magistrate Judge who issued the warrants that led to the seizure of the items Plaintiff now seeks to recover. <u>Nicholas Kyle Martino v. United States</u>, 23-mc-00011. Plaintiff's motion seeks for the Court to take judicial notice of the filings under that docket number in deciding his motion for replevin and other injunctive relief.

However, the Court has already granted the relief Plaintiff seeks.  After Plaintiff filed a motion in <u>Nicholas Kyle Martino v. United States</u>, 23-mc-00011 (ECF 4) seeking the issue of replevin be assigned to an Article III judge, and the Government having concurred, (ECF 7), the motion was placed in the Docket of the instant matter and the Court entered the following Order:

> TEXT ORDER:): It appearing to the Court from Petitioners Motion to Remove Motion to an Article III Judge (ECF 4) and the Governments response (ECF 7) that the parties are in agreement that Petitioners Motion for Replevin (ECF 2) should be heard by an Article III judge and the Court being of the view that the motion is substantially related to Petitioners motion in another matter for injunctive relief filed under Docket No. 23-cv-16859 (NLH), it is therefore ORDERED that Petitioners Motion to Remove to an Article III Judge (ECF 4) be, and the same hereby is GRANTED and the Clerk is directed to file Petitioners Motion for Replevin (ECF 2) in Docket No. 23-cv-16859 (NLH) for resolution in that matter and mark the same motion (ECF 2) in this matter as DENIED AS MOOT. <u>In resolving Petitioners motions in Docket No. 23-cv-16859 (NLH) the Court will give full consideration to the parties' submissions in related dockets and neither invites nor requires additional submissions</u>

> unless required by separate Order. SO ORDERED Judge
> Noel L. Hillman on 9/14/23. (mb, ) (Entered:
> 09/14/2023)

(Id. at ECF 13)(emphasis added).  Accordingly, Plaintiff's Motion to Take Judicial Notice will be denied as moot.

Turning to Plaintiff's motion for replevin, that motion will be denied on the merits.  As the government properly notes, Plaintiff's motion on this point and the issue of compelling the use of a taint team is nothing more than an attempt, bordering on arrogance, to control and influence an ongoing criminal investigation or investigations that led to the seizure of the various items at issue.  This Court will not countenance such an effort.

The law in this Circuit is clear that "the government is permitted to seize evidence for use in investigation and trial, but such property must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  However, while a return of seized property may eventually occur, the government is entitled to keep the seized items for a reasonable period of time to conduct its investigation and evaluate its value as potential evidence. This is an Executive Branch function, and this Court's role, if any, in overseeing such investigations is severely curtailed.

In such a case it can be fairly said, "the government's need for the property as evidence continues." United States v. Van Cauwenberge, 934 F.2d 1048, 1061 (9th Cir. 1991).

In this case, Plaintiff has encrypted several of the seized devices – devices the Court notes he was prohibited from possessing or using under the terms of his supervised release - or they are password protected which hinders and reasonably prolongs the investigative process.  Most importantly, the Government represents that its criminal investigation continues.  The Court has no reason to question that representation and having issued valid warrants has no basis to interfere in the orderly progress if that investigation.  Plaintiff's Motion for Replevin will be denied.

Plaintiff's motion for an injunction compelling the use of a taint team to first review the contents of the seized items is equally without merit.  First, as the Government aptly notes, Plaintiff fails to support his unusual application with legal authority.  The Court notes and adopts as its ruling the Government's succinct summary of the weakness of Plaintiff's argument:

> [Plaintiff] does not cite a single case where a court ruled a filter team was necessary to screen for protected work-product when the materials at issue were seized from a non-lawyer in connection with a criminal investigation that has not yet been charged. This is unsurprising, as the Government is aware of no such precedent. Simply put, [Plaintiff] has wholly

8

>failed to show that he is entitled to an injunction based on the attorney-client privilege or the work product doctrine.

The Court's own research fails to find another court adopting Plaintiff's position in a case similar to this one. The application for an injunction will be denied.

Equally unavailing is Plaintiff's last-minute attempt to assert a privilege based upon vague assertions that the devices contain communications Plaintiff had with a Court-supplied mental health professional provided to Plaintiff by U.S. Probation as part of the special conditions of his supervised release.  Putting aside that waivers executed by Plaintiff that place some limits on the confidentiality of any such communications and the fact that Plaintiff fails to offer any evidence that the seized items actually contain such information, the Government argues persuasively that the privilege is testimonial and does not compel the use of a taint team, even if the devices contain such materials.  Cf., United States v. Wilson, 505 F.Supp.3d 3, 12 (D. Mass. 2020) (analogous spousal privilege and marital communications privilege are testimonial and only applicable in court proceedings).

Lastly, Plaintiff moves to seal his sur-reply arguing that it contains sensitive grand jury material.  This motion is procedurally and substantively without merit.  First Local Civil

9

Rule 5.3 requires that motions to seal be made jointly by the parties. Because the motion is only made by Plaintiff, it is procedurally defective and may be denied on that basis alone.

As a matter of substance, once again Plaintiff adopts this strange posture of seeking to cloak himself with the powers of the government or to seek to protect it from itself. He has no such authority. Simply put, Federal Rule of Criminal Procedure 6(e) bars the government and others associated with the grand jury itself from disclosing grand jury proceedings. It imposes no such restrictions on non-governmental actors. As there is no restriction on Plaintiff's disclosure of whatever he thinks he knows about a grand jury proceeding, there is no basis to seal his sur-reply. That motion will also be denied.

For the reasons set forth above, Plaintiff's Motion to take Judicial Notice (ECF 3) will be denied as moot; Motion for Replevin for Property Seized (ECF 4) will be denied; Motion to Partially Seal Plaintiff's Surreply to the Government's Response (ECF 15) will be denied; and a Motion for an In-Person Hearing (ECF 16) will be denied. Finally, the Petition to compel the Government's use of a taint team will be denied as meritless and the Clerk will directed to mark the matter as closed.

An accompanying Order will be entered.

Dated: _February, 29, 2024_         s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

10